# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  2:18mj 228-CSC
A Moto cell phone (XT1767), labeled with IMEI: )
353308089441695, currently located at USPIS, 135 )
Catoma Street, Montgomery, AL 36104. )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   ☑ evidence of a crime;
   ☑ contraband, fruits of crime, or other items illegally possessed;
   ☑ property designed for use, intended for use, or used in committing a crime;
   ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1708 & 371 | Theft or receipt of stolen mail matter generally; and conspiracy to commit offense or to defraud United States. |

The application is based on these facts:

See Affidavit..

   ☑ Continued on the attached sheet.
   ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Christopher Phillips, Postal Inspector, USPIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/04/2018

*Judge's signature*

City and state: Montgomery, AL       Charles S. Coody, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Christopher Phillips, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.	I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. This request under Rule 41 (a)(2)(C) of the Federal Rules of Criminal Procedure for a search warrant authorizes the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.	I have been a United States Postal Inspector since 2012. I am currently assigned to the U.S. Postal Inspection Service Office in Montgomery, Alabama. I investigate incidents where subjects steal, take, or abstract, or by fraud or deception obtain, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein, or secrete, embezzle, or destroy any such letter, postal card, package, bag, or mail, or any article or thing contained therein, in violation of Title 18, United States Code, Sections 1708 and 371. The following information has been obtained by me personally or has been provided to me by other law enforcement officers and postal employees.

3.	This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Moto cell phone (XT1767), labeled with IMEI: 353308089441695 (hereinafter "the Device"). The Device is currently located at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, Alabama 36104.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. On August 7, 2018, Montgomery Police Department officers were dispatched to Sonesta ES Suites Montgomery located at 1200 Hillmar Court, Montgomery, Alabama 36117, in reference to the fraudulent use of a credit card. According to the front desk clerk, the business was notified by a victim who reported their credit card was used at the location without authorization. MPD officers approached the alleged suspect, Mitchell Worthy, in Room 1112. Worthy used a fake ID and credit card to reserve Room 1112. Worthy consented to a search of the room and his personal vehicle, a 2008 Nissan Altima. After searching Room 1112 and Worthy's vehicle, officers found multiple pieces of mail in various names, credit cards in various names, money orders, checks, the personal identifying information of multiple people, computers and cell phones, including a Moto cell phone (XT1767), labeled with IMEI: 353308089441695 (the Device). Worthy was transported to Montgomery Police Department for questioning. After having *Miranda* rights read to him, Worthy requested the presence of an attorney. MPD Officer Davis transferred all evidence to Inspector C. L. Phillips.

7. On August 10, 2018, Inspector C. L. Phillips met with L. A. C., a victim of identity theft. Located in a notebook found in Worthy's vehicle was the personal identifying information and Firestone account information of L. A. C. Also found was a Firestone service receipt billed

to L. A. C.'s credit account for service completed on a Nissan Altima. According to L. A. C., he/she does not own a Nissan Altima and he/she did not give any permission to use his/her Firestone credit account. L. A. C. does not know anyone named Mitchell Worthy.

8. On or around August 13, 2018, Inspector C. L. Phillips met with management of Express Employment Processionals, an employment agency located at 5729 Carmichael Pkwy, Montgomery, Alabama 36117, concerning completed insurance enrollment forms for various individuals found in Worthy's personal possessions. According to agency management, the forms include their name, date of birth, social security number, address, and phone numbers. They are completed by newly hired individuals and then mailed, in multiples, to the corporate office by agency management. Management would mail the collected forms in large business envelopes, placing the envelopes in the mailbox located directly across the street from their building. Other than USPS mail carriers, Express Employment Professional agency has not authorized anyone to remove items from their business mailbox.

9. On or around August 13, 2018, Inspector C. L. Phillips met with management of Courtyard by Marriott located at 5555 Carmichael Rd., Montgomery, Alabama 36117, concerning multiple Marriott employment applications for different individuals found in Worthy's personal possessions. Some of the information listed on applications included: names, dates of birth, social security numbers, telephone numbers, and email addresses. Management was unsure how the applications were obtained and reported that they are to remain in a locked file on site. Management did not give anyone permission to remove any applications from the establishment.

10. The Device is currently in the lawful possession of the United States Postal Inspection Service located at 135 Catoma Street, Montgomery, Alabama 36101. It came into the

United States Postal Inspection Services' possession in the following way: The Device was transferred to this agency by Officer Davis, Montgomery Police Department.

In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the United States Postal Inspection Service.

## TECHNICAL TERMS

11. Based on my training and experience, I use the term "wireless telephone" to convey the following meaning: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitters/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phones numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

12. Based on my training, experience, and research, I know the Device has capabilities that allow it to serve as a wireless telephone, digital camera, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

15. <u>Nature of examination</u>. Based on the foregoing and consistency with Rule 41(e)(2)(C), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including, but not limited to, computer-assisted scans, of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

16. <u>Manner of execution</u>. Because this warrant does not involve the physical intrusion onto a premises, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

17. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully Submitted,

_____
C. L. Phillips
United States Postal Inspector

Sworn to and subscribed before me this
4th day of October, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The property to be search is:

1. Moto cellular telephone, Model Number XT1767; FCC ID IHDT56WC1; and IMEI 353308089441695, hereinafter referred to as the "Device." The Device is currently located at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, Alabama 36101.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED

1.  All records on the Device described in Attachment A that relates to violations of 18 U.S.C. §§ 1708 and 371 involve Mitchell Worthy. All stored electronics and wire communications and information in memory on the mobile device, including email, instant messaging, text messages, or other communications, contact lists, images, videos, travel records, information related to the theft of U.S. Mails to include washed and or altered personal and business check images, credit card information, personal identifying information and any other content or records on the phone.

Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents and browsing history.